# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACK CARTER,<br><br>　　　　Defendant. | Case No. 1:19-cv-01568-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　Plaintiff Anthony A. Sharp is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 4, 2019. (ECF No. 1)

　　　Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on November 4, 2019. (ECF No. 2.)

## I.

## LEGAL STANDARD

　　　The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Sharp v. California State Prison Corcoran Medical Staff, No. 1:99-cv-05550-OWW-DLB (E.D. Cal.) (dismissed on March 24, 2000 for failure to obey a court order, after Plaintiff failed to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) Sharp v. County of San Diego, No. 3:99-cv-01685-J-AJB (S.D. Cal.) (dismissed on May 22, 2000 on the ground that it was clear from face of complaint that Plaintiff's claims were barred by the statute of limitations); (3) Sharp v. Mason, No. 2:03-cv-01354-EJG-DAD (E.D. Cal.) (dismissed on September 4, 2003 for failure to state a claim upon which relief may be granted); (4) Sharp v. Cueva, No. 2:02-cv-01686-FCD-GGH (E.D. Cal.) (dismissed on January 5, 2005 for failure to state a claim upon which relief may be granted); (5) Sharp v. Mims, No. 1:13-cv-00534-AWI-BAM (E.D. Cal.) (dismissed on June 30, 2014 for failure to state a claim upon which relief may be granted); (6) Sharp v. Pomaville, No. 1:15-cv-00001-DLB (E.D. Cal.) (dismissed on October 27, 2015 for failure to state a claim upon which relief may be granted);

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2

and (7) <u>Sharp v. Weber</u>, No. 1:17-cv-00160-DAD-EPG (E.D. Cal.) (dismissed on June 12, 2017 for failure to state a claim upon which relief may be granted). See <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); <u>Belanus v. Clark</u>, 796 F.3d 1021, 1024, 1027, 1030 (9th Cir. 2015) (stating that a dismissal for statute of limitations on the face of a complaint is a dismissal for failure to state a cause of action upon which relief could be granted).

Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on November 4, 2019. <u>Andrews</u>, 493 F.3d at 1053-56. In his complaint, Plaintiff alleges that his constitutional rights were violated when a Fresno County Superior Court Judge refused to issue an order returning property seized from Plaintiff pursuant to a criminal search warrant and when the Fresno County Superior Court Judge improperly denied Plaintiff's motion to disqualify the Judge pursuant to California Code of Civil Procedure § 170.6. (ECF No. 1.) However, these allegations fail to demonstrate that Plaintiff was in imminent danger of serious physical injury at the time Plaintiff filed his complaint. <u>Andrews</u>, 493 F.3d at 1056-57. Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.

## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

3

2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2019**

UNITED STATES MAGISTRATE JUDGE